PATOCKA v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term.   February 5, 1909.)

PARTIES (§ 96*)—CAPACITY OF PLAINTIFF TO SUE—WAIVER.

That the insurer had paid the proceeds of two policies to plaintiff would not preclude it from raising the objection in its defense to a suit on a third policy that plaintiff lacked capacity to sue, on the ground that the policy was payable to insured's executors, administrators, or assigns, and that plaintiff occupied none of these positions.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 168;  Dec. Dig. § 96.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Barbara Patocka against the Prudential Insurance Company of America.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

William O. Campbell, for appellant.

Max Steinert, for respondent.

PER CURIAM.   The action is on three policies of insurance on the life of plaintiff's son, issued at different times.   After the death of the insured, two of the policies were paid after apparently some controversy; but defendant refused to pay the last policy, and offered to return the premiums paid on said policy.   The plaintiff at first refused, but afterwards she did apparently accept the offer; for she received the amount of the first two policies and the said premiums on the third, and signed a receipt in full for and release of all claim or claims based on all three policies.   She claims she did not understand the receipt; but there is some evidence tending to show that it was explained to her by her friend Taussig.

The defendant based its refusal to pay the last policy upon the ground that it was so close to the time of the death of the insured as to indicate fraud in obtaining it.   The jury found for the plaintiff for the amount of the third policy, less the returned premium, evidently believing plaintiff's claim that she was misled into signing the receipt or release of her claim on that policy.   It appears that the policy is payable to the executors, administrators, or assigns of the insured, and there is no evidence that plaintiff occupies any of these positions, as certainly she does not sue as executrix or administratrix, nor does it appear that the policy was assigned to her.   The fact that defendant chose to pay the other two policies does not preclude it from raising the objection of plaintiff's lack of capacity to sue in its defense to plaintiff's claim on the third policy.   We are of opinion that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes